AO 91 (rev.11/11) Criminal Complaint                AUTHORIZED AND APPROVED DATE: s/Nick Coffey 3/28/2025

# United States District Court
## for the
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Case No: M-25- 178 -STE |
| ) | |
| Tianxiang Li ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

From in or about March 22, 2025, in the county of Oklahoma, in the Western District of Oklahoma, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Marijuana |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent, John Krawczyk, Federal Bureau of Investigation, which is incorporated and made a part hereof by reference.

☒ Continued on the attached sheet.

_____
John Krawczyk
Special Agent
FBI

Date: __Mar 28, 2025__

_____
Judge's signature

City and State: Lawton, OK

Shon T. Erwin, U.S. Magistrate Judge
Printed name and title

**WESTERN DISTRICT OF OKLAHOMA**
**OKLAHOMA CITY, OKLAHOMA**

STATE OF OKLAHOMA )
)
COUNTY OF OKLAHOMA )

**AFFIDAVIT IN SUPPORT OF ARREST WARRANTS**

I, John Krawczyk, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice, being duly sworn, depose and state as follows:

1. I have been a Special Agent with the FBI since April 2023. I am currently assigned to the Oklahoma City Division, where I am assigned to the Criminal Enterprise Squad, which is responsible for investigating street gang and drug related offenses. Since becoming a Special Agent, I have been involved in a variety of investigative matters, including investigations targeting large criminal enterprises, most of which involved the unlawful distribution of narcotics in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to joining the FBI, I was a Police Officer in Philadelphia, Pennsylvania, from February 2010 to December 2022. In that capacity, I investigated a variety of crimes, including drug crimes, robberies, burglaries, assaults, and various other criminal activities.

2. As part of my drug-related investigations, I have participated in the execution of numerous search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store,

manufacture, transport, and distribute their illegal drugs. Throughout my career, I have utilized tracking devices in the course of furthering criminal investigations.

3. The facts set forth in this Affidavit are based upon my personal knowledge, knowledge obtained from other law enforcement personnel, review of documents related to this investigation, communications with other individuals who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. Since this Affidavit is being submitted for the limited purpose of seeking a complaint and arrest warrants against the individuals named below, I have not included every fact known to me concerning this investigation. Rather I have set forth only the facts I believe are essential to establish the foundation necessary to support the complaint and arrest warrants.

## PURPOSE OF AFFIDAVIT

4. I make this affidavit in support of a criminal complaint and arrest warrant for **TIANXIANG LI (LI)** for possession with intent to distribute more than 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1).

## BACKGROUND OF INVESTIGATION

5. On March 22, 2025, Oklahoma Highway Patrol (OHP) Trooper Devin Harriman conducted a traffic stop for motor vehicle violations on a semi-truck in the area of mile marker 330 on Interstate 40 east bound in Sequoyah County, Oklahoma (the Eastern District of Oklahoma). The semi-truck was stopped approximately one mile from the Arkansas state line, though law enforcement had trailed the vehicle since it left the Western

District of Oklahoma. The semi-truck was a 2023 Peterbuilt with California registration ZP33835 and California trailer registration of 4RM3038. The semi-truck was driven by **LI** with no other occupants in the vehicle. **LI** did not speak English and a translator application was used to communicate with **LI** in the Chinese language. During the stop, Trooper Harriman requested identification from the driver along with the bill of lading for the load information. Trooper Harriman noted **LI** appeared very nervous during the encounter after being told he would only be issued a warrant for the traffic violations. While reviewing the bill of lading, Trooper Harriman noticed the paperwork was not properly filled out and possibly fictitious. The document was missing the required dates and lacked other information that would be observed on a legitimate bill of lading. Additionally, the bill of lading vaguely listed 15,000 pounds of items, however, the description portion of the form was blank.

6. The driver's license **LI** provided during the stop showed an address that was the same as the registered address for the trucking company, SHUN FA TRUCKING. When Trooper Harriman asked if he was an owner of the trucking company, **LI** was adamant that he was just a driver.

7. Trooper Harriman provided **LI** with a warning for the traffic violations and returned all the paperwork to **LI**. Trooper Harriman told **LI** that he was free to go and asked **LI** if there were any drugs or guns in the vehicle to which **LI** replied there were none. Trooper Harriman asked for consent to search and made clear to **LI** what was being asked. Trooper Harriman also informed **LI** to honk the horn if he would wish to revoke the consent to search his vehicle at any time. While attempting to remove the lock on the trailer, Trooper

Harriman noticed a strong distinct odor of marijuana coming from the trailer. Trooper Harriman asked **LI** why there would be an odor of marijuana coming from the trailer and **LI** responded that he did not know and that he was only a driver. At this point, Trooper Harriman conducted a probable cause search of the trailer and discovered many cardboard boxes loosely stacked in the rear of the trailer. The smell of marijuana became much stronger and after examining some of the cardboard boxes, Trooper Harriman observed many plastic vacuum sealed bags with a green leafy substance. Based on the training and experience of Trooper Harriman, he believed the boxes to contain marijuana that were packaged for interstate drug trafficking and arrested for **LI** for violations of state statues §63-2-415.B.1 (AGGRAVATED DRUG TRAFFICKING – MARIJUANA), §63-2-415.B.1 (POSSESION WITH INTENT TO DISTRIBUTE OR MANUFACTURE SCHEDULE I OR 11 DRUGS), and §47-11-801.B (SPEEDING).

8. Trooper Harriman had the semi-truck towed to a secure location and conducted an inventory of the trailer and semi-truck. A total of 3,104 pounds of marijuana was inventoried from 115 cardboard boxes and two trash bags. This suspected marijuana field tested positive for marijuana. Additionally, 500 THC vape pens and 2 pounds of mushrooms were located in the trailer. The truck, trailer, and drugs were transported to Oklahoma City for evidence.

## CONCLUSION

9. Based upon my training and experience, and the forgoing information, I believe there is probable cause that **LI** possessed with intent to distribute more than 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1).

Further your Affiant sayeth not.

John Krawczyk
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 28th day of March, 2025 at Oklahoma City, Oklahoma.

Shon T. Erwin
U.S. Magistrate Judge